Good morning, Your Honors. May it please the Court, my name is Melissa O'Loughlin-Wright. I'm here from Cozen O'Connor, along with my co-counsel Shauna Martin-Aylard. We are here representing the appellant Allstate Insurance Company in this appeal. I will begin, of course, by addressing the jurisdiction questions raised by this panel. The first question is, who is the real party in interest in the segregation matter under Washington law? In this case, my response to the question is, both the insured and the insurer are the real parties in interest under Washington law. In this case... If that's the case, then you don't have diversity. Pardon me? If I may continue, I believe it's a unique circumstance under this case because... You're the one, incidentally, who brought this action to federal court. Yes. And you're the one that was unsuccessful in federal court. Yes. And you don't want to now step up and say, I think I agree that there's no jurisdiction. Well, that would be most beneficial for my client. In this particular case, Allstate Insurance Company does have a bigger interest in understanding and making clear what the right... Go ahead, and I'm sure you're going to attempt to distinguish then-Justice Talmadge's footnote 8 in the McCrory case. Actually, if I may just begin by giving the Court a piece of information that may help alleviate some of the concerns that may typically be brought in this type of case. The insured, Mr. and Mrs. Hellstrom, in this case, have declined to participate in any appeal arising out of the fire at their house. They did pay a minor deductible, but they have made very clear they want no part in the litigation, and the policy does permit them to waive their right to recover the deductible portion that they had paid. And so under those circumstances, I would like to address the case decided by this Court, but under those circumstances, as a practical matter, I – it had to be Allstate Insurance Company as the plaintiff bringing this action because the Ellstrom... Has the Ellstrom signed a release of the defendants? I was not the attorney below, but I was given the information that it was very clear from the beginning that they wanted no part of this. I'm not – I don't believe there is an actual release. They haven't formally released... Well, the policy says it's within the right to waiver. It doesn't say it needs to be in writing. I could certainly investigate that and provide information to the Court if that exists. As a practical matter, if – as is in circumstances in this case, if the Ellstroms are declining to participate, if what the Court is suggesting, that they are still, in fact, a real party in interest, logistically, I'm not sure how Allstate could perceive that. Well, if the insurance company is like Allstate, anytime they pay a loss of $75,000 or over and there's the possibility of any third-party liability, then you're suggesting that this – the federal district courts sort of become subrogation courts, and you can file – because there's always diversity, as I recall, Allstate's an Illinois corporation. Correct. These cases in the state of Washington, at least, you're saying we have federal court jurisdiction over any subrogation claim over $75,000 paid by Allstate. As a practical matter, I doubt if that would ever happen, because 99% or so of cases brought by insurance companies in subrogation matters are, in fact, named in the name of the insured. And the obvious reasons being is that the insurance company generally doesn't like its name. Well, but it would appear that you decide you want to go to federal court, and so your client, Allstate, was named as the plaintiff as opposed to what I believe the rule of law in the state of Washington would be, the real party in interest. And, of course, there is the federal rule saying all actions shall, mandatory shall, be brought in the name of the real party in interest. Correct. Well, in this case, it certainly wasn't a choice, as I had mentioned earlier on, these facts. Allstate didn't have a choice under these circumstances. I do appreciate your question in the bigger picture. Actually, the insured has to agree that the action can be brought in their name. Under a lot of insurance policies, that is, in fact, the case. Generally, it is not in Allstate's policy, and it is not in the policy specifically governing this case. If I could draw the Court's attention to a Washington Court of Appeals case, it is Carl v. Earthstove. It has not been briefed because we hadn't had the opportunity or were on notice that we needed to present this to the Court. It is 35 Washington Appellate 904 at page 908. It's a 1983 decision. The quote is, Under the Federal rules where an insurer had paid part of the insured's claim, either the insured or, pardon me, either the insurer or insured may institute the action and the other party may be joined or added upon the defendant's motion. You know, we have rules about citation of authority outside the briefs. I understand you received an order on this. Correct. Your options are, one, to send in what's called a 28-J letter, which you could have done. Your other option, since you didn't do that, is the clerk has a form, and at the end of argument, if you will, write out the citation. Okay. I apologize, Mike. And then have the Federal copy to give your opponent. I apologize. My order specifically said to be prepared to discuss, so I thought that meant you didn't want anything in writing. So I will do that. Well, you decided this to a State Court of Appeals. Correct. The relatively new court in 1985 that was started in 1968, to be followed by the Washington State Supreme Court decision in 1999 in McRory, saying, segregation claims, the real party in interest is the insured. Correct. And we do not dispute that. It is the insured. It is also the insurance company. The three cases that this Court did cite in its order, I believe, do not foreclose that. They all make very clear that the insured maintains an interest, which we don't dispute. In this case, as a practical matter, yes. But footnotes are certainly not to speak in those terms. As brief thought may be, it says that the insurer's role is pursuing the legal action in the name of the insured against the tort fees or stepping into the shoes of the insured. In other words, that their rights are totally derivative. And this footnote doesn't suggest that there's any independent right by the insurer. It also, with all due respect, the case wasn't addressing that issue. It was addressing attorney fees. And it cites back to the Plough case, which this Court also cited to me, was a 1955 Washington Supreme Court case that specifically made clear that the real party in interest requirement does not mean that no one other than the plaintiff may not have some interest in the result of the action. Do I understand correctly there's no written release by the homeowners in this case? I'm sorry, Your Honor. I don't know that it is not in the record before this Court. I would be happy to investigate that. All of our questions assume that what we're asking about is what's in the record. Okay. Since jurisdiction has never been raised before. I understand. But what we're asking about is, for example, is the insurance contract in the record? I do not believe it is. Okay. And there's nothing in writing? I'm not certain, no. There's nothing in writing from the homeowners waiting or releasing this claim or assigning it to Allstate to bring the claim? I apologize, Your Honor. I don't know the answer to that either. All right. Thank you. Would you like me to investigate and supplement the record, or what would be appropriate? If we decide that's necessary, we'll follow up with an order. I would appreciate that. That would be great. If I may just briefly address the other case cited in the Court's order, Frazier. There is a, at page 735, it is, the quote is, Washington courts have rejected the argument that an insurer who has paid, is insured and has been segregated to the insured's rights against the wrongdoer, is the real party in interest and the only one entitled to prosecute a subsequent action against the wrongdoer. So I believe that while it is addressing the rights and the critical rights of the insured, that it certainly did make clear and make room for the fact that there's not only just one additional, one real party in interest, but there is, in fact, another one also. And under the facts of this case, that is the only one who is involved. As I'm sitting here thinking about it, I'm wondering this. Is the State law determination of who or what it calls the real party in interest necessarily binding in Federal court on this question? Well, I've read a whole lot of cases on this very issue. And the way I understand it is that the issue is partially Federal procedure and partially State substantive law. And all the cases that I've read have stood for the proposition that we first look to State substantive law. It depends what the substantive law means. When the State says that the insured is the real party in interest, what does that mean? Does it mean the case has to be brought in the name of the insured? Is it a procedural rule? Or is it a substantive rule that has some – it had an implication in this case because it determines whether they get fees or not. But it's a strange animal because it's not a concept. It is both a procedural and a substantive concept. Correct. Right. And I – that is the issue I've been grappling with since I got this order, is that Washington State law doesn't have the opportunity to address this issue in this context, obviously, because it's a State court not addressing diversity. The real party in interest is more of who's named. And that is how this issue typically comes up. It's actually usually the defendant who then asks the insured who is named in a subrogation case, tries to demand that the insurance company actually be named for obvious strategic reasons. So this is a funny position for all State to be put on the other side of this very issue in a case under what I understand are quite unique circumstances where really there was only one party willing and able to go forward. The house that was damaged and destroyed by fire was in Washington? Yes, it was. And the homeowners are residents of Washington? Correct, yes. And the policy was written in Washington? I do not know the answer to that either. I'll say it is. The policy was executed by the insureds in Washington? The policy was executed by the insureds, and I do believe the insureds agent was out of Spokane as well, in Washington. Correct. If we granted the relief you wanted, this would go back to district court as a subrogation claim, and the applicable law would be the law of the State of Washington. Correct. Yes, Your Honor. Okay. And that's codified in the Pacific reports and all of the decisions rendered by the courts of Washington, right? That's the substantive law that would govern this case in particular? Yes. Yes, Your Honor. So just like most diversity cases that are governed by State law. Correct. If I may briefly address some of the substantive claims, and then I will try to reserve some time for rebuttal. As discussed at length in our brief, there are issues of fact in dispute on both the negligence claim as well as the breach of contract claim. I would be happy to answer any questions the panel might have on any of that, but I think our brief and actually opposing counsel's brief also makes very clear that we have a lot of disagreement on what happened and the critical issues giving rise to these causes of action. I would like to spend a bit of time on the contract claims that, in this case, were dismissed by the district court judge, though not briefed by either of the parties. As I understand it, the youth parties did mention the contract claim in a sentence or so in their summary judgment papers. There was a header that said breach of contract claims, but then no analysis. Correct. But it was your claim. So they made what was a summary judgment motion for completely — it wasn't a partial summary judgment motion. It was a summary judgment motion. If you had a problem, i.e., there shouldn't be summary judgment because we have a contract claim they haven't addressed, then you should have raised it. Well, it is the title of the pleading saying summary judgment motion. I've certainly seen in my years of practice that that's often done when it really is a partial summary judgment. They don't ask for everything, but everyone calls it a summary judgment motion. So — and then the header, breach of contract claim, with nothing below it, is that part of the brief? Is it just sort of a section header? Here's what we were — Even if they had said absolutely nothing about the breach of contract claim, since they were asking for summary judgment, you had to say, no, you shouldn't grant summary judgment because we have a claim that they haven't addressed. The summary judgment burden-shifting rules do put a burden on the moving party that is more than — that is satisfied by something more than silence or just a header in a brief. I appreciate your point, and certainly in a perfect world, this would have been addressed and discussed before the judgment was entered. But there is an initial burden that needs to be met that wasn't met in this case. Now, whether or not there was an additional affirmative relief that should have been sought by the nonmoving party or should have brought the attention, certainly that would have made all of this much cleaner and much easier, but it wasn't done. And it is our position that without the moving party having done — satisfied their initial burden, the burden never shifted. And so, therefore, the silence — First, what — what was all about was the independent contractor issue in the summary judgment. Now, you take the other side to task, saying there's a case right on point that they didn't cite. That, to me — I'm not sure I've seen that argument before. It's right there in the — in the — the White Mass case was right there. You say, well, they collusively failed to disclose it because they knew about the case in advance. Well, isn't it your responsibility, when you've got this very issue, the independent contractor issue of whether or not the painter's an independent contractor, isn't it for you to say, here's the White Mass case? Why did — why did you not cite the White Mass case? Because I — this goes to the very issue, is that Allstate was simply not aware this was even on the block being considered. Obviously, we all had the White Mass case. Obviously, we all knew it. Well, did you — did you mention at all, in any brief, until you were ruled against, until the whole card was turned over, as Judge Kleinfeld said in a recent opinion, until the whole card was turned over, did you ever mention to the Court the White Mass case? This was not until the motion for reconsideration. Correct. At that time, we were stunned that the breach of contract claims were even being considered by the judge, let alone having been dismissed. And so when this was brought to the judge's attention on reconsideration, at that point, I mean, you ask a very good point, Your Honor, and I think that actually goes to the heart of this case. Allstate was not on notice. They didn't know they had to because, of course, they wouldn't hide the ball on something as strong as a case like that. And so it's a — just a fundamental fairness. The summary judgment, you know, because there's a technicality or someone brought a breach of contract in a header or a footnote or something — That's the heart of this case. Yes. Does the independent contractor — was the painting company an independent contractor? And under the law of the State of Washington, is that a defense to Hughes, who contracted out the painting? Actually, yes. And that's what that summary judgment was all about. Well, there are several direct negligence and direct liability claims that also have been pleaded, and there's a lot of evidence for in the record. The independent contractor certainly is one of the issues. All right. What went on in the summary judgment process? And that's what was presented to the court. By the moving party, and then to which it was responded in good faith by the non-moving party. Well, there was a motion that was passed, which is quite favorable to your side. And you don't find it or cite it to the court. I did find it, and we did have it, and in good faith responded to the summary judgment. Why didn't you put that in your response to the summary judgment motion? That's a good question. I wish I had been involved in that. That's a good question. And certainly — I think you're telling me you didn't either find it or you didn't include it for some other reason. We did not include it because it was our understanding that it was only the negligence claims. The breach of contract claims, all state, and all state — No, but doesn't White Pass go right to the negligence claim too, which is the principal responsible for the negligence of the independent contractor? That's what White Pass is all about. Correct, but it's also under a contract, specifically, is what was raised. Correct. And that's part and parcel of the negligence claim. So — So if, as Your Honor is suggesting, the White Pass case then is applicable also to the negligence claim, and it was all states — was — was itself at fault for omitting it then, how does that then answer the whole separate issue of the contract claim? I spent about 25 years at that podium having to answer the questions, and now I don't have to. Okay. I'll reserve my remaining time for rebuttal. I think, Judge, did you have a question? I'm sorry. No, it's fine. Okay. We have about a minute and a half. Thank you for your argument.  Mr. Farenkrug? Yes. Employees of the Court, my name is Mark Farenkrug. I'm from the Ferguson Law Firm and representing Devon and Penny Hughes and Hughes Construction here. First of all, to address the issue of the real party in interest, I think that McCrory makes it clear repeatedly, particularly in its reliance on Fraser v. Butell, that in Washington, the insured always remains the real party in interest in a subrogation suit, and the — the logic behind that is indisputably that the insured always has a right of action against the party causing their loss, regardless of payment by the carrier, whether in the form of a loan receipt or an outright payment of damages. So we should reverse the district court and remand with instructions to dismiss with prejudice and let all State have another crack at you, huh? Well, and there's sort of two considerations there, Your Honor, if I may. And I — you know, I don't claim to have much expertise in Federal practice, but it appears to me there's an opportunity for the insureds to ratify, which apparently they have not, or — You can't establish Federal court jurisdiction through stipulation or waiver. That's — Right. And it relates — precisely, Your Honor, particularly because it relates back to the filing of the complaint. It's a fight between two insurance companies, isn't it? When — when everything boils down, that might be a realistic view of the situation. But I — Yes? I just think there's — pardon me? Is that a yes? Yes. But I just don't think there's any doubt that in — under Washington law, which I think still adheres to very much the common law equitable position, that the insured remains the real party in interest. If I could address the losing side in this case, doesn't want to stipulate to that, but Ms. White says, well, there's two real parties in interest. Let's assume that that's the correct rule of law. Both the insured and the insurance company are real party in interest. And the federal rules say actions shall, ma'am, be brought by the real party in interest. Where does that leave us on diversity jurisdiction? Well, I — I'm not confident by what operation of law in Washington and all state is still the real party in interest somehow, while the insured is still the real party in interest. Well, but you said the insured under Washington law, and I believe the rule of law is that you look at state law to determine who the real party in interest is. Assuming that's the case, you agree that the real party in interest in these subrogation claims is the insured. Ms. White says she thinks both the insured and the insurance company. So we don't have diversity of jurisdiction. Doesn't this case have to be dismissed without prejudice to the state court making a judgment on the merits of the case? I believe that's correct. May I now go on to the — Now everybody knows about the White Pass case, and you're going to let the state court move. Yes. I'm quite aware, for many reasons, about the White Pass case being the crux of the matter here. Let me — let me review the original motion. At ER 1213 in the motion itself, Hughes noted, All State is also alleged that Hughes breached their contractual obligation to replace the LP siding and to install the Cedar siding without damaging the Elstrom residence. All State also asserts that this breach not only caused the damages given rise to this subrogation claim, but additionally entitles All State to its actual attorney's fees pursuant to the real estate purchase and sales agreement. Let's assume everything you're going to say about the motion is correct. And then later there was a motion for reconsideration, and your opponent came in with a dispositive case which showed that the judgment was wrong. Why shouldn't the motion for reconsideration have been granted? Well, because under the — The judgment was really wrong. First of all, the test on the motion for reconsideration is abuse of discretion in considering a motion that is disfavored. The authority presented was not authority that had been decided in the intervening period since the summary judgment motion was entered. It was not some obscure, arcane authority. It was authority — Right on the nose. Well, I — And you knew about the case. I knew of the case, Your Honor. Isn't there an obligation when you find a case that is opposed to your position to disclose it and then attempt to distinguish it? Isn't there an ethical obligation to the Court to do that? In the broadest sense, there is, Your Honor. But in this particular case, I'll be quite candid with this panel. While I was aware of this case, my — or Hughes' position was that the relationship of Devin Hughes as homeowner to Phil's painting and to the work being done on the house did not rise to the level of the activity in White Passman's progeny. I went back and looked at that case, and — And I found that, in your view, an effective means of distinguishing White Passman. Yes, that's correct, Your Honor. Do you think that excuses any duty to disclose the case or bring it to the attention of the Court? Well, you know, I think it's — the situation is similar to what this Court said in Golden Eagle Distributing that's in the briefing. And that was, you know, that there's not a requirement — and that case, by the way, was ultimately decided on a Rule 11 basis, but the trigger for the Rule 11 complaint arose out of the failure to disclose what was deemed to be controlling or adverse authority. It's a very interesting case. There are two main issues. One is whether Federal courts have any jurisdiction to entertain this suit. And neither of you brought up the Washington law that says the case, even though apparently you both knew about it, that says that these kind of cases have to be brought in the name of the insurer. That's point one. And then the second point is if somehow that can be ignored, the merits are covered virtually on all fours by White Path. And both of you know about the case. Apparently, at least you do. And neither of you bring it to the courts' attention. Well, and, Your Honor, I think initially, when you look at all States' response to the summary judgment motion, it baffles me why all States did not at that time present White Path, because they — It is also a little odd that you brought a motion which seemed to be for summary judgment in general, had in the facts section a little heading called breach of contract, but had in the argument section nothing. Well, and — Is it a burden if you're going to file for summary judgment on a claim to make some argument for it? I'm not confident, Your Honor, that I had to present all of all States' potential arguments. No, you didn't present any argument on your behalf. Forget all States' arguments. Okay. You didn't present any argument in favor of the breach of contract cause of action. Is that correct? That's correct. And I'd simply be — So why did you lose for that reason? For that alone, Your Honor, I — You made no argument in favor. I didn't have to give you summary judgment for it. Well, I think the judge below correctly observed that all States abandoned their breach of contract claims. But you abandoned it. You didn't make any argument for it. For the simple reason that I did not think, under the facts as presented on the motion and the facts of the case, that the — it was necessary to reach these contractual arguments. And certainly — But later on, you certainly thought it was necessary, because that's why you got 30 States. Well, and — Because why did you waive the breach of contract claim as well? Did I? Pardon me, Your Honor. No, I didn't. Why didn't you in the opening papers? I just — it's difficult in hindsight to explain, you know, the logic that went on months ago. But I did not think that the breach of contract claims were any more than all States' attempt to move ultimately for attorneys' fees. I did not feel they controlled the relationship of the parties. It only matters in this case because you ultimately moved for attorneys' fees. If you had not done that, we wouldn't be worrying about this. Well, and at bottom, regardless of the position on the motion, the suit was brought on the contract. By all States. And the purchase and sale agreement, all that was necessary to — Let's go back to where I started from. Why wasn't it an abuse of discretion for the district court on the motion for reconsideration, given the fact that you had not made any argument in favor of the breach of contract to law, and given the fact that the decision was — turned out to be entirely wrong not to grant the motion for reconsideration? Well, I — I think there's authority that supports the district court's conclusion that all State, by not asserting matters pled in their complaint — That might have been true if you had made an argument, but you made no argument. You making no argument might — it's very difficult for you to rely on their waiver or for the judge to. Regardless of whether I make the argument or all State fails to make the argument, the point is they — they still had a basis to either ask for summary judgment for the nonmoving party, to tell the court, to inform the court at that point that we have pled these various breach of contract claims which have not been addressed, and for that reason, summary judgment cannot be granted here. They made an argument actually very — despite any failure to — for the moving party to brief the breach of contract claims, they made an argument in their response and case law very close to what is talked about in the White Pass case. And so I — I still do not believe it's an abuse of discretion, if I may respectfully say so, because I think there's ample authority for the district court to say, well, they abandoned those breach of contract claims. Let me ask a different question. Assuming the breach of — if the breach of contract stands, what about the other causes of action? Are there contested issues of fact with regard to them? I don't think so, Your Honor, because I don't — I think the factual record has really been wrung out in this summary judgment motion. Any other facts have not been proven. There's not a record to support them. There's some interesting conjectures or what-ifs, but I just don't think there are other facts to support some of what Allstate now says are factual disputes. For example, they — in their briefing throughout, Allstate has regularly raised the flag that Phil's painting was actually an employee of Devin Hughes. And there's absolutely nothing in the record to support that position. And so it can't — it can't be an issue of material fact. There are no facts there. And similarly, I think the other issue they've raised in the briefing about warnings, about turning the lights off and on, I think that the facts in the record show that any warnings given had to do with electrical issues, that Devin Hughes was not aware that masking lights in the fashion done by Phil's painting was hazardous, he wasn't on notice. I just — I think this case is a lot simpler than Allstate would have the Court believe. I think the factual record was — has been very fully developed, and there just isn't material in the record to support what Allstate claims to be issues of material fact. Thank you for your argument. Thank both sides for their argument. The case just submitted will be submitted for decision.
judges: Hawkins, Berzon, Quackenbush